**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF MASSACHUSETTS

Case number *(if known)* _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

☐ Check if this an amended filing

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy    12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Daniel**<br>First name<br><br>**C.**<br>Middle name<br><br>**Regan**<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-5449 | |

Debtor 1  __Daniel C. Regan_____   Case number *(if known)* _____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:
Business name(s)  __Regan & Thornton Investment Services, Inc.__
EINs  __462973263__

About Debtor 2 (Spouse Only in a Joint Case):
☐ I have not used any business name or EINs.
Business name(s) _____
EINs _____

**5. Where you live**

__17-19 Annis Street__
__North Andover, MA 01845__
Number, Street, City, State & ZIP Code

__Essex__
County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

_____
Number, Street, City, State & ZIP Code

_____
County

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

Check one:

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1    **Daniel C. Regan**                        Case number *(if known)*

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

**8. How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.
■ Yes.

| | District | **District of Massachusetts, Central Division** | When | **9/17/18** | Case number | **18-41729** |
| | District | | When | | Case number | |
| | District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No
☐ Yes.

| | Debtor | | Relationship to you | |
| | District | | When | | Case number, if known | |
| | Debtor | | Relationship to you | |
| | District | | When | | Case number, if known | |

**11. Do you rent your residence?**

■ No.    Go to line 12.
☐ Yes.    Has your landlord obtained an eviction judgment against you?

    ☐ No. Go to line 12.
    ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1   **Daniel C. Regan**   Case number *(if known)*

### Part 3: Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

☐ No. Go to Part 4.

■ Yes. Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

**Regan & Thornton Investment Svcs, Inc.**
Name of business, if any

**191 Merrimack Street, Suite 206**
**Haverhill, MA 01830**
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
■ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

### Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.
☐ Yes.

What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

| Debtor 1 | Daniel C. Regan | Case number *(if known)* |
|---|---|---|

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | *You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of**:<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1  Daniel C. Regan _____   Case number (if known) _____

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts _____

**17. Are you filing under Chapter 7?**

■ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many Creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
■ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Daniel C. Regan  *Daniel C. Regan* (signature)

Daniel C. Regan
Signature of Debtor 1

Signature of Debtor 2

Executed on  July 17, 2019
MM / DD / YYYY

Executed on  _____
MM / DD / YYYY

Debtor 1    Daniel C. Regan    Case number (if known)

Official Form 101

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

/s/ Jeffrey A. Kitaeff
Signature of Attorney for Debtor

Date    July 17, 2019
MM / DD / YYYY

Jeffrey A. Kitaeff 274300
Printed name

Kitaeff & Associates, P.C.
Firm name

65A Flagship Drive
North Andover, MA 01845
Number, Street, City, State & ZIP Code

Contact phone    978-687-1818    Email address    attorneykitaeff@aol.com

274300 MA
Bar number & State

Official Form 101    Voluntary Petition for Individuals Filing for Bankruptcy    page 7

Certificate Number: 03621-MA-CC-033120212



03621-MA-CC-033120212

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>July 17, 2019</u>, at <u>10:53</u> o'clock <u>AM EDT</u>, <u>Daniel Regan</u> received from <u>Credit Card Management Services, Inc. d/b/a Debthelper.com</u>, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the <u>District of Massachusetts</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>July 17, 2019</u>            By:    <u>/s/Pedro Padilla</u>

                                        Name:  <u>Pedro Padilla</u>

                                        Title: <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. 109(h) and 521(b).

# United States Bankruptcy Court
## District of Massachusetts

In re: **Daniel C. Regan**, Debtor(s)

Case No.
Chapter **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: **July 17, 2019**

**/s/ Daniel C. Regan**
**Daniel C. Regan**
Signature of Debtor

Advantage Assets II, Inc.
As Assignee for Citibank (South Dakota)
7322 Southwest Fwy
Houston, TX 77074

Capital One Bank (USA), N.A.
PO Box 30285
Salt Lake City, UT 84130-0285

Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Live Oak Bank
1741 Tiburon Drive
Wilmington, NC 28403

Lustig, Glaser & Wilson, P.C.
P.O. Box 549287
Waltham, MA 02454-9287

LVNV Funding LLC
c/o Resurgent Capital Services
Successor to Arrow Financial
PO Box 10675
Greenville, SC 29603

Mass. Dept. of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

NEXT Financial Group
2500 Wilcrest Drive, #620
Houston, TX 77042

North Star Capital Acquisition, LLC
170 North Pointe Parkway
Suite 300
Buffalo, NY 14228

Partners Healthcare
399 Revolution Drive
Suite 402
Somerville, MA 02145-1479

Richard Daniels, Esq
Daniels Law Offices, P.C.
One Center Plaza
Boston, MA 02108

```
Richard Daniels, Esq.
Daniels Law Offices, P.C.
One Center Plaza
Boston, MA 02108

Select Portfolio Servicing
Attn: Bankruptcy Dept.
P.O. Box 65250
Salt Lake City, UT 84165

Thomas Thornton
33 Hampton Towne Estates
Hampton, NH 03842
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:
   Daniel C. Regan

Debtors

Chapter 13
Case No.

# CHAPTER 13 AGREEMENT BETWEEN DEBTOR AND COUNSEL
# RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS
# AND THEIR ATTORNEYS

It is important for debtors who file bankruptcy cases under Chapter 13 to understand their rights and responsibilities. It is also useful for debtors to know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. To encourage that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following terms are agreed to by the debtors and their attorneys.

BEFORE THE CASE IS FILED:

The <u>DEBTOR</u> agrees to:

1. Provide the attorney with accurate financial information; and
2. Discuss with the attorney the debtor's objectives in filing the case.

The <u>ATTORNEY</u> agrees to:

1. Meet with the debtor to review debtor's debts, assets, income and expenses;
2. Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions;
3. Explain what payments will be made through the plan, and what payments will be made directly by the debtor for mortgage and vehicle loan payments, as well as which claims accrue interest;
4. Explain to the debtor how, when, and where to make the Chapter 13 plan payments, as well as the debtor's obligation to continue making mortgage payments, without interruption, and the likely consequence for failure to do so;
5. Explain to the debtor how the attorney's fees and Trustee's fees are paid, and provide an executed copy of this document to the debtor;

6. Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed;

7. Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct debtor as to the date, time and place of the meeting;

8. Advise the debtor of the necessity of maintaining appropriate insurance on all real estate, motor vehicles and business assets; and

9. Timely prepare and file the debtor's petition, plan and schedules.

AFTER THE CASE IS FILED:

The <u>DEBTOR</u> agrees to:

1. Keep the Trustee and attorney informed of the debtor's address and telephone number;

2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case;

3. Contact the attorney if the debtor loses his/her job or has other financial problems (the attorney may be able to have the Chapter 13 plan payments reduced or suspended in those circumstances), or alternatively obtains a material increase in income or assets;

4. Advise counsel if the debtor is sued during the case;

5. Inform the attorney if tax refunds to which the debtor is entitled are seized or not received;

6. Advise counsel and the Trustee before buying or selling property or before entering into any long-term loan agreements, to determine what approvals are required; and

7. Provide the Trustee and the attorney, prior to the Section 341 meeting of creditors, with documentary evidence as to debtor's income from all sources and the value of any asset in which the debtor has an interest, together with a copy of any declaration of homestead covering the debtor's real estate, proof of insurance on any real property or automobiles in which the debtor has an interest, and any other documents which the Trustee might reasonably request in order to assess whether the debtor's proposed plan should be confirmed.

The <u>ATTORNEY</u> agrees to provide the following legal services in consideration of the compensation further described below:

1. Appear at the 341 Meeting of Creditors with the debtor;

2. Respond to objections to plan confirmation, and where necessary, prepare an amended plan;

3. Prepare, file and serve one necessary modification to the plan which may include suspending, lowering, or increasing plan payments;

4. Prepare, file and serve necessary amended schedules in accordance with information provided by the debtor;

5. Prepare, file and serve necessary motions to buy, sell or refinance real property;
6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor;
7. Represent the debtor in motions for relief from stay;
8. Where appropriate, prepare, file and serve necessary motions to avoid liens on real or personal property; and
9. Provide such other legal services as necessary for the administration of the case.

The initial fees charged in this case are $4,000.00. Any and all additional terms of compensation and additional services agreed to be rendered, if any, are set forth in writing and annexed hereto. If the initial fees are not sufficient to compensate the attorney for the legal services rendered in this case, the attorney further agrees to apply to the court for additional fees. If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing.

Debtor signature:   /s/ Daniel C. Regan
Daniel C. Regan

Attorney for the debtor(s) signature: /s/ Jeffrey A. Kitaeff, Esq.
Jeffrey A. Kitaeff, Esq.

KITAEFF & ASSOCIATES, P.C.
65A Flagship Drive
North Andover, MA 01845
Telephone: (978) 687-1818
Email: attorneykitaeff@aol.com

Dated: July 17, 2019

Contract

# Kitaeff & Associates, P.C.

## ENGAGEMENT LETTER AND FEE AGREEMENT

**Client's Name(s):** Daniel C. Regan

**Address:** 17-19 Annis Street

North Andover, MA 01845

**Engagement:** Client engages Kitaeff & Associates, P.C. ("Kitaeff") to perform legal work described in this agreement. Client agrees to pay an initial fee and promptly pay for all legal services, costs and expenses, as billed. It is understood and agreed that Kitaeff and the law office are *NOT* engaged to represent Client until the full amount of the initial fee and filing fee is paid. Payment for any additional services and reimbursement of expenses is due within 30 days after billing date.

**Client's Responsibilities:** Client agrees to provide Kitaeff with complete, accurate and truthful information and documentation regarding client's financial matters, details of all assets/property in which the debtor has any interest (including values), liabilities/debts (to all parties), income and expenses (with appropriate supporting documentation), and copies of filed tax returns, bank statements and cancelled checks, and pay stubs. Client shall also provide accurate answers to all questions, including but not limited to those in the Statement of Financial Affairs. If a bankruptcy case is appropriate, client understands and acknowledges that information and documentation provided during the case may be audited pursuant to Title 11 (the Bankruptcy Code). Failure by the Client to provide any additional requested information or materials may result in dismissal of the case or other sanction (penalty), including a criminal sanction.

**Scope of Legal Services:** Kitaeff shall provide legal services, including the analysis of the Client's financial condition, assisting the Client in determining whether bankruptcy is appropriate to the Client's circumstances, and which bankruptcy chapter to utilize. Legal services shall also include review of data and documents, the initial preparation of the means test calculation. If a bankruptcy is recommended, then also the preparation of the Petition, Schedules, Statement of Financial Affairs and related documents, and where applicable, a Chapter 13 Plan.

**Additional Services / Special Counsel:** In the event an adversary or contested matter arises or a trial becomes necessary, client understands that Kitaeff will represent client as counsel in that adversary proceeding or at trial, but an additional fee will be charged to the client. In addition, Kitaeff may recommend the engagement of "special counsel" for trial or litigation, whose fees and cost will be separate and apart from those of Kitaeff.

**Fees and Expenses:** For consumer clients, this office must complete calculations to determine whether the client qualifies to file a Chapter 7 case or may only file a Chapter 13 case. This is called the "means test". Client shall provide to Kitaeff all of the information required to complete the means test, including all payment advices for all household members, from all sources, for the past six months. In many circumstances, there may be strategic reasons why filing a Chapter 13 case may be a more appropriate choice, even if a Chapter 7 would be otherwise available.

If a bankruptcy is advisable, then:

In a Chapter 7 case, client shall pay an initial fee of $2,500 (plus the Court filing fee of $335.00). In most Chapter 7 cases, the initial fee will likely cover the legal fees to be charged, but some cases are more complicated than others, requiring additional legal services.

In a Chapter 13 case, client shall pay an initial fee of $4,000 (plus the Court filing fee of $310.00). Client understands that the total legal fee for the Chapter 13 case **could be significantly higher**. Additional fees above and beyond the initial retainer, subject to Court approval, *may* (on a case by case basis) be made a component of an amended Chapter 13 Plan. The amended plan to be signed by client and filed with the Court, must be feasible based on the client's then disposable income as calculated in amended schedules of income and expenses. After the successful completion of a Chapter 13 case, we need to obtain (from the court) certified copies of various documents and record them at the Registry of Deeds. Client shall pay the costs and fees related to this.

Many Chapter 13 cases and some Chapter 7 cases require substantial legal time, often beyond the amount originally estimated, and Client understands that *THE INITIAL FEE IS NOT NECESSARILY PAYMENT IN FULL* for all services that may be necessary and appropriate in the case. Expenses such as postage, parking, etc. shall be billed at cost; telephone time at regular hourly rate; and copies and faxes at the prevailing rates approved by the Court.

**Hourly Rate:** Client shall pay Jeffrey A. Kitaeff at the hourly rate of $325.00 for time spent (including travel time). Associate attorney time will be billed at $250.00 per hour. Paralegal time will be billed at $80.00 per hour. Client understands that "time spent" includes, but is not limited to meetings and consultations, matters in Court, travel, telephone calls, dictation and drafting of letters, pleadings, and documents, reviewing

file(s), and generally attending to the matters of the case, including responding to inquiries or requests by, for example, creditors, the Chapter 7 or Chapter 13 Trustee, or The Office of the U.S. Trustee. During the course of our representation, any change in hourly rates will be effective only after 30 days notice in writing and will only be effective on a going forward basis.

**Goals of the Representation:**

In a **Chapter 7** case, the goal for an individual is to obtain a discharge of as much "dischargeable debt" as reasonably possible, while retaining as much "exempt property" as permitted under the Bankruptcy Code (or non-code law). Clearly, not all debts are dischargeable (for example, non-dischargeable debts would include most taxes, all alimony and support, most student loans, etc.) and not all property is exempt (many types of items will be exempt, but in most cases, there are dollar limits – maximums – for those items). Creditors and other parties have a certain fixed period of time to file any objections to documents filed by Client and/or to the granting of a discharge, unless that time is extended by Order of the Court.

In a **Chapter 13** case, the goal is to have the Court enter an Order "confirming" (approving) the Client's Chapter 13 Plan, with the expectation that the Client will perform the obligations and make the monthly payments as called for in the Plan, as confirmed. In addition, **Client must keep current** with all post-petition payments to secured parties with respect to property the Client intends to retain, such as a house (**on-time monthly mortgage payments after the case is filed**) or a car (**on-time monthly payments of the car loan**). All normal and regular household or business expenses from the date the case is filed "going forward" must be paid on time. Creditors and other parties may file objections to documents filed by the Client and/or objections to confirmation of the Chapter 13 Plan or any amended plan.

**Conversion of Case from One Chapter to Another:** In some circumstances, a Client may choose to convert a case from Chapter 7 to 13, or from Chapter 13 to 7. These circumstances are unique and specific to each case and can require substantial additional legal time, including the preparation of additional documents and notices, appearance at additional meetings and hearings, etc., as well as additional expenses such as copies and postage. Additional fees will be charged for such legal services and are payable at that time.

**Withdrawal from Representation:** In the event Client does not timely pay the legal fees and expense reimbursements as billed, then (subject to Court approval, if necessary) Kitaeff may withdraw from representing Client. If Clients are husband and wife in a joint case, and Clients separate or initiate divorce proceedings while the case is pending, then Kitaeff may withdraw as counsel to the joint Clients. Kitaeff shall submit his final bill for services and reimbursement of expenses and both Clients agree to be jointly and severally (individually) responsible for the payment of the full amount due.

Page 3 of 4

**Communication:** Kitaeff and Client agree that good communication is essential to a good working relationship between an attorney and his client(s). It is understood that in the event communication between Kitaeff and Client breaks down, Kitaeff may withdraw (with Court approval, if necessary) from representing Client, including any matters presently before the Court or pending in the case.

**Additional Disclosures:** In a Chapter 7 case, if you (client) acquire or are entitled to acquire any assets as a result of (including, but not limited to) an inheritance or bequest, or a life insurance policy or death benefit plan, or a property settlement with a former spouse, within 6 months (180 days) after the actual filing date of your case, you **must** inform this office immediately. It is the date of death that counts – **NOT** the date you actually receive the asset. That property becomes property of the bankruptcy estate automatically, as if you had it the day you filed the case, and is subject to Court administration by the Trustee. That asset is **NOT** yours. In the case of a Chapter 13 filing, **ALL** property that you (client) acquire or are entitled to acquire (see above) until the case is closed, dismissed or converted, regardless of the method by which you acquire it, (earnings, gift, inheritance, and life insurance, whatever) will become property of the bankruptcy estate.

I/we, the **Client(s)** named on page 1 above, acknowledge receipt of a copy of this document as a contract for professional services.

_____    Date: 7-17-2019
Daniel C. Regan

_____    Date: 7-19-2019
Jeffrey A. Kitaeff, Esq.